circumstances a court would be called on to exercise more than ordinary judicial powers.'

"If the relator feels aggrieved, the statutes of Pennsylvania afford him ample opportunity to raise the question and to seek his remedies and, until that has been done, the federal court, as already stated, should not interfere. 'For the welfare of the community, as well as that of the insane, and to guard against unnecessary conflicts between the federal courts and those of the state, both of which are equally bound to guard and protect rights secured by the Constitution, it is necessary that one who alleges that he has been deprived of his liberty in violation of his constitutional rights should have exhausted all his remedies in the state court before application should be made to a federal court.' Shapley v. Cohoon, supra.

"Counsel for the relator has relied upon the case of Walters v. McKinnis, D.C., 221 F. 746, decided by Judge Thomson of the Western District of Pennsylvania, on January 6, 1915; but this case loses all of its force in view of the fact that Judge Thomson on a later date, namely, October 29, 1915, after more mature deliberation, decided the case of Hammon v. Hill, to which I have already referred, and which is in accord with the decisions of other federal courts.

❋   ❋   *   *   *   *   *

"This court has no jurisdiction of the question of the sanity or insanity of the relator, is not the parens patriæ, and is not the proper forum for the determination of that question. Adequate remedies are provided in the state legislation, of which remedies this relator has not seen fit to avail himself in the state courts. Under such circumstances as those existing in this case, the federal court should not interfere and should not obstruct the orderly process and administration by the courts of the state."

█ It may be noted that in the present case petitioner seeks not only an order releasing Ryan from the custody of the respondent but also, under the authority of Rule 17(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, such further order as this court deems proper for the temporary care of the person and property of Ryan. There seems to be little doubt that Rule 17(c), relied upon by the petitioner, deals only with the protection of incompetents in their status

as parties, and gives the district courts no general powers over their persons or property. Such broad powers as pointed out by Judge Watson are peculiarly within the function and jurisdiction of the courts of this state as parens patriæ of the mentally ill.

The petition for a writ of habeas corpus is denied and the writ is dismissed.

## In re LEVY.

### No. 21038.

District Court, W. D. Pennsylvania.
Nov. 24, 1941.

Solis Horwitz, Bernard Goodman, and Lewis M. Alpern, of Pittsburgh, Pa., for trustee.

Jos. J. Baer, of Uniontown, Pa., and David S. Malis, of Philadelphia, Pa., for petitioners.

Jos. W. Ray, Jr., of Uniontown, Pa., for bankrupt.

Abraham Herman and Kaufman & Levy, all of Pittsburgh, Pa., for Wolk & Sons, objecting creditors.

SCHOONMAKER, District Judge.

On October 2, 1941, on petition of Sol Wolk & Sons, we entered an order extending for five days the time for filing objections to discharge of bankrupt.

This case was then before J. G. Carroll, Referee in Bankruptcy, on reference from this court. The Referee, on June 25, 1941, had made an order fixing August 2, 1941, as the last day for filing objections to the discharge of the bankrupt, and had given due notice of that order to creditors. On July 28, 1941, on petition of the Trustee, the Referee extended the time for filing objections to the discharge of bankrupt to October 2, 1941. On that date counsel for Sol Wolk & Sons came into court asking a further extension of time for filing such objections representing that it was impossible for him to get to Uniontown, Pennsylvania, the residence of the Referee, on that day to present his petition to the Referee.

We are of the opinion, on further consideration of the case, that we should not have made the order in question. The case was duly before the Referee. He was familiar with all the proceedings therein. Sol Wolk & Sons should have been required to present to the Referee their petition for relief.

On October 4, 1941, the Bankrupt presented his petition to this court, asking the vacation of the order of October 2, 1941. We then referred this petition to the Referee for his consideration. The Referee has filed his findings of fact and recommendation that our order of October 2, 1941, should be vacated. Sol Wolk & Sons filed exceptions to the report of the Referee, and this court then heard the case on these exceptions.

We are of the opinoin that we should not have extended the time of filing objections to the discharge of bankrupt. Sol Wolk & Sons alleged that they relied on a promise of the Creditors' Committee that the Committee would file objections to the bankrupt's discharge. This Committee would have no standing to file such objections, and the Wolk firm had no right to rely on any such promise, if one were made. If they wanted to object, they should have filed their objections in due time. We shall, therefore, approve the Report of the Referee, and vacate our order of October 2, 1941. An order may be submitted accordingly.

### In re M. K. C. CAFETERIA, Inc.
### No. 39200.

District Court, E. D. New York.

Oct. 5, 1942.

Nathan Weidenbaum, of New York City, for trustee.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Morris L. Heath, both of New York City, of counsel), for City of New York.

William R. L. Cook, of Flushing, N. Y. (Maxleon D. Powell, of Flushing, N. Y., of counsel), for Elizabeth Bach, landlord.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Nathan Borock, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for Collector of Internal Revenue.

BYERS, District Judge.

Motion by trustee to modify Referee's order of distribution, there being insufficient funds to pay in full all administration expenses.

Here there was a Chapter XI, 11 U.S. C.A. § 701 et seq., proceeding which even-